### DAVID WHEELER *versus* BENNETT WOOD.

A tenant at will has an estate which must first be terminated, before he will cease to have a right to continue in possession; and until such termination he does not begin to hold unlawfully, and is not liable as for forcible entry and detainer under Rev. Stat. c. 128, § 5.

Where a lease of a farm was given by the plaintiff, for the term of one year, and the lessee underlet a portion thereof to the tenant, who held over after the expiration of the year, but the plaintiff never treated him as his tenant or exacted rent of him; the tenant had no estate under the plaintiff; is a mere tenant at sufferance; and is not liable under the fifth section of the statute "of forcible entry and detainer."

THIS was a process under the fifth section of the statute of

forcible entry and detainer, Rev. Stat. c. 128. The complaint and warrant were dated May 22, 1843.

At the trial in the District Court, it was proved or admitted, that the plaintiff owned the farm in Sidney, called the Barrows farm, and demised the same by a written lease to one Cowan for the term of one year, commencing April 1, 1841. Cowan immediately underlet the house upon the farm to the defendant for the same year, and the defendant entered forthwith into the possession of the house, and continued to occupy it until after the commencement of this process.

On April 15, 1843, the plaintiff delivered to the defendant a written notice to quit the premises. The defendant thereupon inquired how long a time the plaintiff would give him in which to remove. The plaintiff replied, that he supposed the law would give him thirty days; and the defendant then said, that he would not give up the possession until he was obliged so to do.

It is to be considered as proved, if competent for the defendant to prove the same, that the plaintiff has commenced an action of assumpsit against Cowan, now pending in the Supreme Judicial Court, for the rent of the whole of the Barrows farm for the year commencing April 1, 1842, and ending April 1, 1843; and that there is a process of forcible entry and detainer now pending in the District Court against said Cowan on the complaint of said Wheeler, to recover possession of the whole Barrows farm, commenced March 2d, 1844.

The case was then taken from the jury, and the parties agreed to a statement of facts wherein the foregoing appeared, and submitted the same to the decision of the Court, they having the right to draw such inferences as a jury might properly draw.

*Noyes,* for the plaintiff, contended that this process would lie under the facts appearing in the case. The language of the statute, Rev. Stat. c. 128, § 5, is, that " whenever a tenant, whose estate in the premises is determined, shall unlawfully refuse to quit the same, after thirty days' notice in writing, given by the lessor for that purpose, he shall be liable to the provisions of this act."

Wheeler v. Wood.

The estate which the defendant had by the lease, ceased on the first of April, 1842, and after that time he became a tenant at sufferance of the plaintiff. The case comes within the defination of a tenancy at sufferance in the books. 2 Metc. 31; 1 Inst. 57, b; 4 Kent, 96; 17 Pick. 105; 1 Shepl. 209.

The relation of landlord and tenant does not arise only from express contract. That relation may exist, where there is a privity of estate, as well as of contract. 9 Pick. 52; 12 Pick. 125; 2 Stark. Ev. 463; 1 Chitty Pl. 116; 1 Saund. 241.

The defendant went in lawfully under one who had a lease from the plaintiff, and held over. He comes within the letter and spirit of the fifth section of the statute.

*J. Baker*, for the defendant, said that the relation of landlord and tenant must have existed between the parties, or this process cannot be maintained. That relation is absolutely necessary in order to a recovery under the fifth section of the statute. There must be either a privity of contract or of estate.

There is no privity of contract between the lessor and the sublessee. 5 Metc. 343; 14 East, 234; Story's Contracts, 390; Chitty's Con. 275; 4 Kent, 96, 105; 12 Mass. R. 43; 14 Mass. R. 93; 17 Mass. R. 299; *Wyman* v. *Hook*, 2 Maine R. 337; 1 Hill. Abr. 158, § 64.

Nor is there any privity of estate between the lessor and a sublessee of a portion of the estate. Privity of estate arises only in cases of an assignment of the whole interest of the lessor or lessee and for the whole time. This was a mere underletting of a small house on the farm without any land. *Wheeler* v. *Hill*, 16 Maine R. 334; 9 Pick. 52; 4 Kent, 96; 1 Hill. Abr. 125, § 54, 55.

But if there was any tenancy between these parties, it was a tenancy at will, and not a tenancy at sufferance. 12 Maine R. 346; 4 Kent, 112; 4 Wend. 327; 4 Cowen, 349. He was entitled to three months notice to quit, and but one month was given.

The opinion of the Court was drawn up by

WHITMAN C. J. — This process under the Revised Statutes,

c. 128, § 5, is not maintainable by the plaintiff, except the defendant has held under him as lessee, or as tenant at will; the Rev. St. c. 91, § 30, having provided, that " no estate or interest in lands, unless created by some writing, and signed by the grantor or his attorney, shall have any greater force or effect, than an estate or lease at will." The section of the statute, first cited, was, manifestly, designed to enable landlords more expeditiously to oust tenants, who were reluctant to surrender tenements in their possession, after they had ceased to have a right of occupation for any further time. A tenant at will has an estate, which must first be terminated, before he will cease to have a right to continue in possession. Such termination may be brought about by his surrendering his tenancy, or by any act inconsistent therewith ; 1 Cruise, 273 ; or by the decease of either party ; 4 Comyn, Estates, H. 7 ; or by making a lease to another ; Co. Lit. 57, a ; and by Rev. St. c. 95, § 19, by notice in writing for the purpose, by either party, thirty days at least having elapsed thereafter. Till then the tenant would not begin to hold unlawfully ; and could not be liable as for forcible entry and detainer, under the section of the statute first referred to.

But the defendant cannot be deemed to be a tenant at will. While Cowan's lease was in operation, he might be lawfully in the occupancy of a small part under him. When that terminated, and when Cowan himself had nothing but a tenancy at will, he had no power to underlet. Co. Lit. 57, a. It does not appear, that the plaintiff was ever conusant of a holding by defendant under Cowan. He never had treated him as a tenant or exacted any rent of him. He was, then, a disseizor, or tenant at sufferance. He had no estate in the premises ; for a tenant at sufferance has none. He is merely not a trespasser, and the landlord, without ceremony, may, at any time, enter and turn him out. If he resisted *manu forti* he would be amenable under another branch of the statute of forcible entry and detainer, but not under the fifth section ; for it could not be said that his estate had been determined, for he had none under the plaintiff; nor that he unlawfully

refused to quit the same; for such refusal could not become unlawful until the plaintiff had attempted to enter, and had been resisted.

*Plaintiff nonsuit.*